UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>BYRON PATTERSON McDANIEL JR.<br>AND LAURA PAIGE McDANIEL<br><br>    Debtors.<br>_____<br><br>BYRON PATTERSON McDANIEL JR.<br>AND LAURA PAIGE McDANIEL,<br><br>    Plaintiffs,<br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>    Defendant. | Case No. 09-37480-KHT<br><br>Chapter 13<br><br><br><br><br><br>Adversary Proceeding No. 17-01274-KHT |

_____

**DEFENDANT NAVIENT SOLUTIONS, LLC'S UNOPPOSED MOTION TO STAY ADVERSARY PROCEEDING PENDING INTERLOCUTORY APPEAL**
_____

Defendant Navient Solutions, LLC ("NSL"), pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 8007(a)(1) and (e), respectfully requests that the Court stay this adversary proceeding in its entirety, including the deadline to answer or otherwise respond to the complaint, pending resolution of NSL's appeal of this Court's *Order on Motion to Dismiss and Motion to Strike*, entered on September 24, 2018, Dkt. No. 30 (the "Order"). In support, NSL states as follows:

**CERTIFICATION OF NON-OPPOSITION**

NSL is authorized to certify to the Court that Plaintiffs do not oppose the stay pending appeal requested in this motion, in the interest of efficiency and economy. Plaintiffs oppose NSL's substantive position in the appeal.

## BACKGROUND

Plaintiffs filed a joint chapter 13 bankruptcy proceeding in this Court on December 24, 2009. (Case No. 09–37480, Dkt. No. 1.) On July 12, 2017, Plaintiffs filed this Adversary Proceeding against NSL. (Dkt. No. 1.) In relevant part, they allege that certain loans they obtained for Laura Paige McDaniel to attend Lakeland College were discharged in their chapter 13 bankruptcy case. (*See id.* ¶¶ 20–34, 36.) Plaintiffs further allege that subsequent acts by NSL to collect on the loans violated their discharge injunction. (*See id.* ¶¶ 38–41.)

NSL moved to dismiss Plaintiffs' complaint on October 10, 2017. (*Id.*, Dkt. No. 8.) NSL asserted two primary arguments supporting the Court's dismissal of Plaintiffs' lawsuit. First, that res judicata (arising from their amended chapter 13 plan and the order confirming it) bars their claims. (*Id.* at 12–20.) And second, that Plaintiffs' loans are excepted from discharge as "obligation[s] to repay funds received as an educational benefit" under § 523(a)(8)(A)(ii) of the Bankruptcy Code. (*Id.* at 19–32.)

Through the Order, the Court denied NSL's motion on September 24, 2018. NSL is filing contemporaneously herewith a Certification to Court of Appeals by All Parties and Unopposed Petition for Direct, Interlocutory Appeal ("Petition for Direct Appeal"). In the Petition for Direct Appeal, a copy of which is attached as Exhibit A hereto, NSL seeks leave from the Tenth Circuit, on an unopposed basis, to present the following questions on direct, interlocutory appeal:

1. Did the bankruptcy court err in denying NSL's motion to dismiss on res judicata grounds?

2. Did Congress except student loans from discharge in bankruptcy as an "obligation to repay funds received as an educational benefit" under § 523(a)(8)(A)(ii) of the Bankruptcy Code?

For the reasons that follow, NSL now asks that the Court stay this matter pending the outcome of NSL's petition for direct, interlocutory appeal to the Tenth Circuit.[1]

**LEGAL STANDARDS**

Under Bankruptcy Rule 8007, a party may move in the bankruptcy court for "the suspension … of proceedings in a case or other relief permitted by subdivision (e)." Fed. R. Bankr. P. 8007(a)(1)(D). In turn, 8007 (e) provides that a bankruptcy court may suspend proceedings in the case or issue other appropriate orders during the pendency of an appeal. Fed. R. Bankr. P. 8007(e).

In determining whether to grant a stay pending appeal, courts consider whether the applicant has made a strong showing of likelihood of success on the merits, whether the applicant will be irreparably harmed absent a stay, whether the stay will substantially injure the other parties and where the public interest lies. *Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1201 (10th Cir. 2005) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Although the moving party has the burden on each of the elements, where the moving party establishes that the three "harm" factors favor a stay, the probability of success requirement is relaxed. *F.T.C. v. Mainstream Marketing Servs.*, 345 F.3d 850, 852 (10th Cir. 2003).

**II.    THE COURT SHOULD STAY THE MATTER PENDING THE APPEAL**

The Court should grant this unopposed motion and stay the adversary proceeding in its entirety pending NSL's appeal because all four stay considerations are met here. *See In re Lang*, 414 F.3d at 1201. Because a sufficient showing on the last three factors regarding the relative

---

[1] As a protective alternative measure, NSL is also filing contemporaneously herewith an unopposed motion for leave to appeal the Order to the Tenth Circuit Bankruptcy Appellate Panel, pending the Tenth Circuit's resolution of the Petition for Direct Appeal.

harms relaxes the first consideration of success on the merits, *F.T.C.*, 345 F.3d at 852, NSL first addresses the harm factors.

Without a stay, both sides will be harmed by having to expend time and money on litigation that may be mooted by the interlocutory appeal. Either of the issues that are the subject of the interlocutory appeal, if resolved in NSL's favor, would be dispositive of this matter. Accordingly, both sides will save the time and expense of litigation that may prove to have been unnecessary if NSL prevails in the appeal.

Plaintiffs also agree that a stay will best conserve the parties' time and expense of litigation and have stipulated to the direct, interlocutory appeal of these important issues. Thus, the stay will not substantially injure Plaintiffs.

The public interest in judicial efficiency and conservation of judicial resources also favors staying this matter pending the appeal. A stay will avoid the Court expending judicial resources on pre-trial matters, dispositive motions, and trial.

At least one other court, when faced with this same situation, stayed the adversary proceeding pending a direct, interlocutory appeal on the precise issue under § 523(a)(8) that is presented in NSL's appeal of this Court's Order.[2] *See Crocker v. Navient Solutions, LLC*, Adv. Pro. No. 16-03175 (DRJ) (Dkt. No. 220) at 1 (Bankr. S.D. Tex. April 6, 2018) (copy attached as Exhibit A to the Petition for Direct Appeal, Exhibit A hereto). The *Crocker* court reasoned that it did not "want to go through a long, drawn out, complicated … hearing if [it] turn[ed] out to be wrong on" the potentially dispositive legal questions. *Id.* at 12:24-13:1.

The three "harm" factors thus weigh in favor of a stay. Accordingly, the requirement for showing a probability of success on the merits is relaxed. *F.T.C.*, 345 F.3d 850, 852. Though the

---

[2] The Fifth Circuit accepted the direct, interlocutory appeal and the matter has been fully briefed and is awaiting potential oral argument before that Court.

4

Tenth Circuit has not spoken on the issues that are the subject of NSL's interlocutory appeal, this Court has noted that numerous other courts in the country have already decided that student loans are excepted from discharge as "obligations to repay funds received as educational benefits" under § 523(a)(8)(A)(ii) of the Bankruptcy Code. (*See* Order at 9 n. 5.). Accordingly, NSL has a sufficient probability of success on the merits of its appeal to warrant a stay.

## CONCLUSION

For the reasons described, and with the consent of Plaintiffs, NSL respectfully requests that the Court enter an order staying this matter in its entirety pending NSL's appeal of the Order. A form of proposed order is submitted herewith.

Dated this 9th day of October, 2018.

        SHERMAN & HOWARD L.L.C.

        */s/ Eric E. Johnson*
        Eric E. Johnson
        Carla R. Martin
        633 Seventeenth Street, Suite 3000
        Denver, Colorado 80202
        Tel: (303) 297-2900
        E-Mail: ejohnson@shermanhoward.com
                cmartin@shermanhoward.com

        *Counsel for Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies the following parties received a true and correct copy of the foregoing **DEFENDANT NAVIENT SOLUTIONS, LLC'S UNOPPOSED MOTION TO STAY ADVERSARY PROCEEDING PENDING INTERLOCUTORY APPEAL** via a Notice of Electronic Filing transmitted by CM/ECF in accordance with Local Bankruptcy Rule 5005-4(a) on the 9th day of October, 2018:

Austin Smith
austin@acsmithlawgroup.com

*/s/ Roberta Neal*

49044823.3