# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>BYRON PATTERSON McDANIEL JR.<br>AND LAURA PAIGE McDANIEL<br><br>    Debtors.<br>_____<br><br>BYRON PATTERSON McDANIEL JR.<br>AND LAURA PAIGE McDANIEL,<br><br>    Plaintiffs,<br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>    Defendant. | Case No. 09-37480-KHT<br><br>Chapter 13<br><br><br><br><br><br><br>Adversary Proceeding No. 17-01274-KHT |

## DEFENDANT'S MOTION FOR FORTHWITH STATUS CONFERENCE

Defendant Navient Solutions, LLC ("Defendant"), respectfully moves the Court to set a status conference at the earliest possible date that is convenient to the Court and the parties. As detailed below, in light of the rapidly approaching September 21, 2021 discovery cutoff in this case under the Court's Scheduling Order [Dkt No. 65], an expedited status conference is needed to address and clarify on the record the critical matters raised by Plaintiffs' counsel in his emails, attached as Exhibit A hereto, of:

a. Who is the Plaintiff in this case?

b. Have the named Plaintiffs, Byron Patterson McDaniel, Jr., and Laura Paige McDaniel, assigned their claims, and, if so, to whom?

c. Who is the counsel for the Plaintiffs that is authorized to represent them in this matter?

d. Is a substitution of counsel or co-counsel for the Plaintiffs required, in light of a potential new Plaintiff, or existing Plaintiffs' counsel's health issues or possible cessation of the practice of law?

53616353.1

  e. Is a stay of proceedings necessary, with a corresponding adjustment of the Scheduling Order in this case, to allow time for a substitution of Plaintiffs and/or their counsel, or to allow a new Plaintiff to determine whether to continue prosecuting the claims in this case, as requested by the named Plaintiffs' current counsel?

## Background Facts Supporting Request for Status Conference

1. The context for this Motion is provided by the Court's Scheduling Order, which states, "All discovery shall be <u>COMPLETED</u> **on or before September 21, 2021**." (Scheduling Order, ¶ 3 (emphasis and bolding in original).) The Scheduling Order further cautioned the parties that "no modifications [to the Scheduling Order] will be entertained by the Court." (*Id.*, p. 2.)

2. Accordingly, on June 21, 2021, Defendant served its first interrogatories, requests for production of documents, and requests for admission (collectively, the "Discovery Requests") on Plaintiffs. (Exhibit A, pp. 10-11.) Plaintiffs' responses were due 30 days later, on July 21, 2021.

3. On July 21, 2021, the due date for their discovery responses, Plaintiffs' counsel sent an email to Defendant's counsel containing the following salient points (*Id.* at 9-10):

- "[T]he McDaniels sold their claims to a group called Public Interest Litigation Capital ("PILC") in NY."

- "I am not PILC's attorney, but they [whether the McDaniels or PILC is unclear] have asked me to request a brief stay until the fall to assess their options and determine whether they wish to proceed in this action . . . ."

- "[C]ould I have a two week extension on these [responses to the Discovery Requests]?"

4. Later that same day, Defendant's counsel replied to the important and confusing revelations in Plaintiff's counsel's email with the request, "Please confirm that you still represent the McDaniels, the named Plaintiffs in this case, and that you are thus authorized to bind the Plaintiffs to the agreements that you propose." (*Id.* at 6-7.) Conditioned on that confirmation of

authorization, "Navient will agree to a two-week extension until August 4, 2021 for Plaintiffs to provide full and complete responses to their discovery requests." (*Id*.)

5. Plaintiff's counsel's further response, also on July 21, didn't clarify the situation when he said:

> Yes, I wasn't sure how to respond to that question since it called for a legal conclusion; whether I am formally authorized to bind the McDaniels to informal requests for extensions in light of the assignment of claims seems fraught with possible conflict of issue [*sic*] which I should probably retain independent counsel to advise on.

(*Id*. at 4.)

6. Defendant's counsel's July 23, 2021 response confirmed Defendant's agreement to an extension until August 4, 2021 for Plaintiffs to respond to the Discovery Requests, and further identified the basis for Defendant's confusion over Plaintiff's counsel's comments:

> We made our request that you confirm you still represent the McDaniels, because we wanted to make sure we were entering into an informal discovery agreement with the right person who was authorized to enter into such an agreement on behalf of the named Plaintiffs.

(*Id*. at 3.) Defendant's counsel further confirmed that Defendant would not oppose Plaintiffs' motion for a stay of proceedings, pending the opportunity to review and approve Plaintiffs' draft motion. (*Id*.)

7. Plaintiffs provided no responses to the Discovery Requests on August 4, 2021.

8. Consequently, on August 5, 2021, Defendant's counsel emailed Plaintiffs' counsel, reminding him of the agreed-upon August 4 deadline for discovery responses and noting Plaintiffs' failure to respond timely. Without being asked, Defendant unilaterally gave Plaintiffs a further extension to August 9, 2021 for Plaintiffs to either file their motion for a stay of proceedings or provide full and complete responses to the Discovery Requests. (*Id*. at 2.)

9. Later on August 5, Plaintiffs' counsel responded with the following unfortunate

and troubling message, quoted in full and exactly as written:

> yes I apologize . . . between us, I have been back in hospital myself again and now my father has been diagnosed alongside me and . . . well, he's not going to make it and we just found out.
>
> I am also most likely leaving practice of law . . . if I could have a few days, I'd appreciate it.

(*Id*.)

10. On August 9, 2021, Defendant's counsel responded (*id*. at 1), first, with sympathy and best wishes for Plaintiffs' counsel and his father. Second, Defendant's counsel reiterated Defendant's consent to Plaintiffs' intended motion for a stay of proceedings to allow Plaintiffs and their counsel to work out their various issues. In fact, Defendant offered to help out Plaintiffs' counsel by drafting a joint motion for a stay of proceedings. Third, Defendant noted that it was giving Plaintiffs' counsel the "few days" that he requested, by allowing Plaintiffs until August 11, 2021 (three weeks after the original deadline for responses to the Discovery Requests) to either (a) file a motion for a stay of proceedings or allow Defendant to draft a joint motion, or (b) provide full and complete responses to the Discovery Requests. Failing either of those alternatives, Defendant would have no choice but to seek to bring clarity to this case by filing a request for an immediate status conference to resolve the critical questions listed in the first paragraph of this Motion.

11. Plaintiffs' counsel didn't respond to Defendant's counsel's August 9 email, necessitating this Motion.

12. At this point, with the discovery cutoff rapidly approaching, Defendant has no responses to its Discovery Requests that would allow it to prepare further follow-up requests (which must be served by August 20, 2021) or for depositions of Plaintiffs—provided that Defendants even knew the current identity of the Plaintiffs. A status conference is urgently

needed to clarify on the record such matters as:

- Who is the plaintiff?
- Have the existing named Plaintiffs assigned their claims?[1]
- Who is the counsel for the Plaintiffs, authorized to represent them in this case?
- Is a substitution of counsel for Plaintiffs required?
- Is existing counsel for Plaintiffs under a medical disability or leaving the practice of law, necessitating interim co-counsel or substitute counsel?
- Is a stay of proceedings necessary, with a corresponding adjustment of the Scheduling Order, to allow time for a substitution of Plaintiffs and/or their counsel, or to allow the new Plaintiff to determine whether to continue prosecuting the claims in this case, as requested by Plaintiffs' current counsel?

13. Defendant believes that a stay of proceedings for 60 days (with a corresponding movement by 60 days of all deadlines in the Scheduling Order) is necessary and would be acceptable, to allow Plaintiffs to address the various issues raised in counsel's emails attached as Exhibit A. Furthermore, such a stay would potentially save significant resources for the Court and the parties by limiting or eliminating potential discovery disputes and, possibly, resulting in a determination that the claims in this case won't be prosecuted further.

WHEREFORE, Defendant requests that the Court schedule a status conference at the earliest time that is convenient for the Court and the parties, to address the significant issues raised in Plaintiffs' counsel's emails and noted in this Motion.

---

[1] Defendant reserves the right to show the Court that some or all of the existing Plaintiffs' claims are non-assignable and, therefore, if those claims have been assigned they are subject to dismissal as a matter of law on that basis.

5

53616353.1

Dated: August 12, 2021	SHERMAN & HOWARD L.L.C.

*/s/ Eric E. Johnson*
Eric E. Johnson
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 297-2900
E-Mail: ejohnson@shermanhoward.com

and

MCGUIREWOODS LLP

*/s/ K. Elizabeth Sieg*
K. Elizabeth Sieg
Katherine E. Lehnen
Gateway Plaza
800 E. Canal Street
Richmond, VA 23219-3916
Telephone: 804-775-1137
Fax: 804-698-2257
E-mail: bsieg@mcguirewoods.com
klehnen@mcguirewoods.com

*Counsel for Navient Solutions, LLC*

53616353.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of August, 2021, I electronically filed the following **MOTION FOR FORTHWITH STATUS CONFERENCE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Austin Smith
austin@acsmithlawgroup.com

                                            *s/ Roberta Neal*

53616353.1

# EXHIBIT A

## Johnson, Eric E.

| | |
|---|---|
| **From:** | Johnson, Eric E. |
| **Sent:** | Monday, August 9, 2021 10:32 AM |
| **To:** | 'Austin Smith' |
| **Cc:** | 'Sieg, K. Elizabeth'; Lehnen, Katherine E.; Florczak, Joseph A.; Johnson, Eric E. |
| **Subject:** | RE: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT |

Austin,
In response to your August 5 email, we are sorry to hear about the difficult medical news for you and your father, and please accept our best wishes for good outcomes and a return to health for both of you.

Unfortunately, and reluctantly, I have to address the realities of scheduling and discovery matters in the McDaniels' case, in light of your recent emails. Under the existing scheduling order in this case, the discovery cutoff is rapidly approaching, and you have not yet moved for a stay of proceedings or given us responses to our interrogatories or requests for production. Given the important statements in your recent emails regarding a potential assignment of the McDaniels' claims, uncertainty over which counsel has authority to act on behalf of Plaintiffs, your health, and your ability or intention to continue practicing law, it's in all parties' interest to clarify the status of the case. As I've said before, we have no objection to a motion by Plaintiffs for a stay of proceedings, provided that you simply let us review a draft of your motion to ensure that there are no objectionable statements about my client in the motion. To move things along, we would be willing to draft a joint motion for a stay of proceedings, referencing some of the statements in your emails, below. Alternatively, if you don't want to move for a stay, then we will need to get adequate responses to our discovery requests, and by the time you receive this email you will have had nearly 3 weeks beyond the original July 21 due date for your clients' responses.

We will give you, and have already given you, the "few days" you requested to put this case in order. Accordingly, by 5:00 pm Denver time on Wednesday, August 11, we request that you either (a) FILE a motion for a stay of proceedings, which would require you to get us a draft by tomorrow or Wednesday morning, for our review and comment; if the motion is acceptable to us, you would be able to file it as an unopposed motion with every reason to expect that the Court would grant it; or (b) provide full and complete responses to all of our discovery requests. As stated above, we would be willing to help with (a) by drafting a joint motion for a stay.

Absent (a) or (b), next Thursday, August 12, or soon thereafter, we intend to file a motion for a forthwith status conference, attaching the below email string, and seeking a clarification on the record of:

- Who is the plaintiff?
- Have the plaintiffs assigned their claims?
- Who is counsel for the plaintiff(s)?
- Is a substitution of counsel for plaintiff(s) required?
- Does there need to be a stay of proceedings, with resulting adjustment of the scheduling order, to allow time for substituted plaintiff(s) and/or counsel?

Please let us know how you intend to proceed with this case.

Best,
Eric J.

Eric E. Johnson
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8376 | Fax: 303.298.0940 ejohnson@shermanhoward.com | www.shermanhoward.com

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this

1

electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

-----Original Message-----
From: Austin Smith <austin@acsmithlawgroup.com>
Sent: Thursday, August 5, 2021 5:24 PM
To: Johnson, Eric E. <EJohnson@shermanhoward.com>
Cc: 'Sieg, K. Elizabeth' <bsieg@mcguirewoods.com>; Lehnen, Katherine E. <KLehnen@mcguirewoods.com>; Florczak, Joseph A. <jflorczak@mcguirewoods.com>
Subject: Re: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT

yes I apologize...between us, I have been back in hospital myself again and now my father has been diagnosed alongside me and...well, he's not going to make it and we just found out.

I am also most likely leaving practice of law...if I could have a few days, I'd appreciate it.

From: Johnson, Eric E. <EJohnson@shermanhoward.com>
Sent: Thursday, August 5, 2021 5:46 PM
To: Austin Smith
Cc: 'Sieg, K. Elizabeth'; Lehnen, Katherine E.; Florczak, Joseph A.; Johnson, Eric E.
Subject: RE: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT

Austin,
In my July 23, 2021 email to you (below), I confirmed Navient's agreement to give the Plaintiffs a two-week extension until August 4, 2021 to respond fully to Navient's requests for production of documents and interrogatories, which responses were otherwise due on July 21. I also stated that Navient would not oppose Plaintiffs' motion for a stay of proceedings in this case, which you requested informally in your July 21 email, provided that Plaintiffs provided us the opportunity to review and approve the required motion to seek such a stay before the motion was filed.

As of today, August 5, Plaintiffs have failed entirely to respond to Navient's requests for production of documents and interrogatories. Moreover, we have not received a draft of a motion by Plaintiffs seeking a stay of proceedings. In short, we have heard nothing from Plaintiffs following my July 23 email.

This will further confirm that, in light of Navient's reliance on your request for a stay of proceedings, we view the two deposition notices in your July 21 email as moot, and Navient accordingly will not accept service of those notices or treat them as effective.

The September 21, 2021 discovery cut-off is approaching, so we must move forward one way or the other. If you do not provide us with either a draft of a motion for stay of proceedings or full and complete responses to Navient's requests for production of documents and interrogatories by noon Denver time on Monday, August 9, 2021, Navient will take action with the Court, pursuant to the Federal and Local Rules, to compel proper responses to all of its discovery requests to Plaintiffs. Please let us know how Plaintiffs intend to proceed.

Best,
Eric J.

Eric E. Johnson
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8376 | Fax: 303.298.0940 ejohnson@shermanhoward.com<mailto:ejohnson@shermanhoward.com> | www.shermanhoward.com<http://www.shermanhoward.com/>
[cid:image001.png@01D78A10.E4453690]

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying,

distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

From: Johnson, Eric E. <EJohnson@shermanhoward.com>
Sent: Friday, July 23, 2021 1:28 PM
To: 'Austin Smith' <austin@acsmithlawgroup.com>
Cc: 'Sieg, K. Elizabeth' <bsieg@mcguirewoods.com>; Lehnen, Katherine E. <KLehnen@mcguirewoods.com>; Florczak, Joseph A. <jflorczak@mcguirewoods.com>; Johnson, Eric E. <EJohnson@shermanhoward.com>
Subject: RE: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT

Austin,

We were confused by your email, because we had granted your requested two-week extension, until August 4, 2021, for Plaintiffs to respond to Navient's discovery requests. We made our request that you confirm you still represent the McDaniels, because we wanted to make sure we were entering into an informal discovery agreement with the right person who was authorized to enter into such an agreement on behalf of the named Plaintiffs. Based on the deposition notices and the responses to Navient's requests for admission that you've sent us, all of which identify you as attorney for the Plaintiffs, we understand that you still represent the Plaintiffs. Accordingly, Navient is willing to give Plaintiffs an extension until August 4, 2021 to provide full and complete responses to our discovery requests.

More importantly, in response to your earlier proposal, Navient would not oppose Plaintiffs' motion for a stay of proceedings in this case, subject to the structure outlined below. To make such a stay compatible with the existing scheduling order in the case, we would recommend that Plaintiffs structure their motion as a stay of all proceedings for 90 days, until approximately 10/31/21, with all deadlines in the existing scheduling order to be moved by the same 90 days, and Plaintiffs' responses to our discovery due 14 days after the stay expires, or November 14, 2021. Of course, we would need to review and approve a draft of your motion for a stay of proceedings before you file it.

The stay of proceedings that you proposed renders moot the notices of deposition that you attached, as well as the other potential depositions that you mentioned. We would propose revisiting those matters after the stay of proceedings.

Please let us know if you would like to discuss any of these matters further.

Best,

Eric J.


Eric E. Johnson

Sherman & Howard L.L.C.

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202

Direct: 303.299.8376 | Fax: 303.298.0940

ejohnson@shermanhoward.com<mailto:ejohnson@shermanhoward.com> |
www.shermanhoward.com<http://www.shermanhoward.com>

3

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

-----Original Message-----
From: Austin Smith <austin@acsmithlawgroup.com<mailto:austin@acsmithlawgroup.com>>
Sent: Wednesday, July 21, 2021 10:30 PM
To: Johnson, Eric E. <EJohnson@shermanhoward.com<mailto:EJohnson@shermanhoward.com>>
Cc: 'Sieg, K. Elizabeth' <bsieg@mcguirewoods.com<mailto:bsieg@mcguirewoods.com>>; Lehnen, Katherine E. <KLehnen@mcguirewoods.com<mailto:KLehnen@mcguirewoods.com>>; Florczak, Joseph A. <jflorczak@mcguirewoods.com<mailto:jflorczak@mcguirewoods.com>>
Subject: Re: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT

Eric,

Yes, I wasn't sure how to respond to that question since it called for a legal conclusion; whether I am formally authorized to bind the McDaniels to informal requests for extensions in light of the assignment of claims seems fraught with possible conflict of issue which I should probably retain independent counsel to advise on.

I will also say I'm happy to forgo depositions and proceed to trial blindly presuming Navient will let me use the discovery in Homaidan/Crocker and consent to Mary Sica and Mr. Heleen appearing for live examination. I do believe Judge Tyson was clear that SEC disclosures signed my Mark were potentially relevant to the issue of willful discharge violations (and I believe Judge Jones in the SDTX recently denied Navient's motion to quash his testimony). Furthermore, Mary Sica has testified in numerous trials, both civil and criminal as witness for Navient, and I'd like to examine her on those testimonies (which I believe contain patent misrepresentations) and also engage her on her process for fraud detection and what her files say about how and why the McDaniels applications were not flagged for fraud.

I have no interest at this point in deposing Patty Peterson for the fifth time, but I may also wish to depose John Zemetro, Petra Shipman, and James A. Austin. James Austin in particular has been found to have perjured himself in a state court in Florida, and when you produce business records you claim are beyond reproach, I would like to chance to demonstrate their lack of trustworthiness.

Or we could have just done a two week extension and circled back on stay. But now I'm eager to get somethings on record.

Austin

From: Johnson, Eric E. <EJohnson@shermanhoward.com<mailto:EJohnson@shermanhoward.com>>

Sent: Wednesday, July 21, 2021 5:31 PM

To: Austin Smith

Cc: 'Sieg, K. Elizabeth'; Lehnen, Katherine E.; Florczak, Joseph A.; Johnson, Eric E.

Subject: RE: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT


Austin,

You omitted any reference to the condition to Navient's agreement to an extension, which is to confirm that you still represent the McDaniels. Although that might be implicit in the draft deposition notices that you attached to your email, please make that confirmation of your representation explicit.


Thanks,

Eric J.



Eric E. Johnson

Sherman & Howard L.L.C.

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202

Direct: 303.299.8376 | Fax: 303.298.0940 ejohnson@shermanhoward.com<mailto:ejohnson@shermanhoward.com> | www.shermanhoward.com<http://www.shermanhoward.com>

5

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

-----Original Message-----

From: Austin Smith <austin@acsmithlawgroup.com<mailto:austin@acsmithlawgroup.com>>

Sent: Wednesday, July 21, 2021 3:21 PM

To: Johnson, Eric E. <EJohnson@shermanhoward.com<mailto:EJohnson@shermanhoward.com>>

Cc: 'Sieg, K. Elizabeth' <bsieg@mcguirewoods.com<mailto:bsieg@mcguirewoods.com>>; Lehnen, Katherine E. <KLehnen@mcguirewoods.com<mailto:KLehnen@mcguirewoods.com>>; Florczak, Joseph A. <jflorczak@mcguirewoods.com<mailto:jflorczak@mcguirewoods.com>>

Subject: Re: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT

Eric,

Thank you for the extension.

Find attached two deposition notices directed at two Navient employees. Please advise if Navient will accept service, or if I should proceed to serve as subpoenas.

Many thanks, Austin

---

From: Johnson, Eric E. <EJohnson@shermanhoward.com<mailto:EJohnson@shermanhoward.com>>

Sent: Wednesday, July 21, 2021 3:59 PM

To: Austin Smith

Cc: 'Sieg, K. Elizabeth'; Lehnen, Katherine E.; Florczak, Joseph A.; Johnson, Eric E.

6

Subject: RE: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT

Austin,

Please confirm that you still represent the McDaniels, the named Plaintiffs in this case, and that you are thus authorized to bind the Plaintiffs to the agreements that you propose. Conditioned on your ability to provide the confirmation and authorization in the preceding sentence, Navient will agree to a two-week extension until August 4, 2021 for Plaintiffs to provide full and complete responses to their discovery requests. Please let me know if we are in agreement on the above matters.

We must discuss your proposed stay of proceedings with Navient and can't respond to that request at this time.

Best,

Eric J.

Eric E. Johnson

Sherman & Howard L.L.C.

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202

Direct: 303.299.8376 | Fax: 303.298.0940
ejohnson@shermanhoward.com<mailto:ejohnson@shermanhoward.com<mailto:ejohnson@shermanhoward.com%3cmailto:ejohnson@shermanhoward.com>> |
www.shermanhoward.com<http://www.shermanhoward.com/<http://www.shermanhoward.com%3chttp:/www.shermanhoward.com/>>

[cid:image001.png@01D77E38.A7E637F0]

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

From: Johnson, Eric E. <EJohnson@shermanhoward.com<mailto:EJohnson@shermanhoward.com>>

Sent: Wednesday, July 21, 2021 1:08 PM

To: 'Austin Smith' <austin@acsmithlawgroup.com<mailto:austin@acsmithlawgroup.com>>

7

Cc: 'Sieg, K. Elizabeth' <bsieg@mcguirewoods.com<mailto:bsieg@mcguirewoods.com>>; Lehnen, Katherine E. <KLehnen@mcguirewoods.com<mailto:KLehnen@mcguirewoods.com>>; Florczak, Joseph A. <jflorczak@mcguirewoods.com<mailto:jflorczak@mcguirewoods.com>>; Johnson, Eric E. <EJohnson@shermanhoward.com<mailto:EJohnson@shermanhoward.com>>

Subject: RE: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT

Austin,

This will acknowledge receipt of your email. To clarify, regardless of your unsubstantiated statement of a purported assignment of the Plaintiffs' claims, you are the only attorney of record for the Plaintiffs in this case. Further, please note that my co-counsel at McGuire Woods (cc'd on this email) have entered their formal appearances in the case and should be copied on all communications. I don't have authority to agree to any of your requests at this point, but am immediately referring your email and your requests therein to my co-counsel for evaluation. We will be back in touch with you as soon as we have a response, recognizing that the Plaintiffs' responses to my client's discovery requests are due today, July 21.

Best,

Eric J.

Eric E. Johnson

Sherman & Howard L.L.C.

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202

Direct: 303.299.8376 | Fax: 303.298.0940

ejohnson@shermanhoward.com<mailto:ejohnson@shermanhoward.com<mailto:ejohnson@shermanhoward.com%3cmailto:ejohnson@shermanhoward.com>> |
www.shermanhoward.com<http://www.shermanhoward.com<http://www.shermanhoward.com%3chttp:/www.shermanhoward.com>>

8

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

-----Original Message-----

From: Austin Smith
<austin@acsmithlawgroup.com<mailto:austin@acsmithlawgroup.com<mailto:austin@acsmithlawgroup.com%3cmailto:austin@acsmithlawgroup.com>>>

Sent: Wednesday, July 21, 2021 12:58 PM

To: Rendoff, Patricia
<prendoff@shermanhoward.com<mailto:prendoff@shermanhoward.com<mailto:prendoff@shermanhoward.com%3cmailto:prendoff@shermanhoward.com>>>

Cc: Johnson, Eric E.
<EJohnson@shermanhoward.com<mailto:EJohnson@shermanhoward.com<mailto:EJohnson@shermanhoward.com%3cmailto:EJohnson@shermanhoward.com>>>; Neal, Roberta J.
<rneal@shermanhoward.com<mailto:rneal@shermanhoward.com<mailto:rneal@shermanhoward.com%3cmailto:rneal@shermanhoward.com>>>

Subject: Re: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT

Hi Eric,

9

Apologies for delay on this. As you may or may not know, the McDaniels sold their claims to a group called Public Interest Litigation Capital ("PILC") in NY. I am not PILC's attorney, but they have asked me to request a brief stay until the fall to assess their options and determine whether they wish to proceed in this action (assuming the court allows it of course).

Would you/Navient be amenable to that? For sake of a date, I'd ask we stay this until October 1.

Pending an answer on that, could I have a two week extension on these in the event Navient declines to stay?

Many thanks, Austin

---

From: Rendoff, Patricia <prendoff@shermanhoward.com<mailto:prendoff@shermanhoward.com<mailto:prendoff@shermanhoward.com%3cmailto:prendoff@shermanhoward.com>>>

Sent: Monday, June 21, 2021 4:24 PM

To: Austin Smith

Cc: Johnson, Eric E.; Neal, Roberta J.

Subject: McDaniel v. Navient: U.S. Bankruptcy Court, Dist of Colo - Case No. 09-37480-KHT

Mr. Smith,

Referencing the above case, I am attaching correspondence from Eric Johnson and discovery documents. These attachments are also being sent via U.S. Mail. Should you have any questions/comments regarding these attachments, please contact Mr. Johnson directly.

Thank you,

Pat

Patricia Rendoff - Practice Assistant

SHERMAN & HOWARD L.L.C.

633 17th Street, Suite 3000

Denver, CO 80202

303-299-8269 - Direct

11

303-298-0940 - Fax

prendoff@shermanhoward.com<mailto:prendoff@shermanhoward.com<mailto:prendoff@shermanhoward.com%3cmailto:prendoff@shermanhoward.com<mailto:prendoff@shermanhoward.com%3cmailto:prendoff@shermanhoward.com%3cmailto:prendoff@shermanhoward.com%3cmailto:prendoff@shermanhoward.com>>>

[Sherman & Howard]

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.