UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

----------------------------------------------------------x
In re:                                                      Bankruptcy Case No. 09-37480-KHT

Byron Patterson McDaniel, Jr. and                           Chapter 13
Laura Paige McDaniel,
                    Debtors.
----------------------------------------------------------x
Byron Patterson McDaniel, Jr. and                           Adv. Pro. No. 17-1274-KHT
Laura Paige McDaniel,
                    Plaintiff,
    -against-
Navient Solutions, LLC,
                    Defendant.
----------------------------------------------------------x

**DECLARATION ON BEHALF OF PUBLIC INTEREST CAPITAL, LLC:**

**(A) IN OPPOSITION TO THE RELIEF REQUESTED IN PLAINTIFF'S MOTION BY ORDER TO SHOW CAUSE;**

**(B) TO DENY SUCH MOTION ON THE PRE-MERITS GROUNDS OF:**

    **(1) LACK OF JURISDICTION (THE RELIEF REQUESTED IN THE MOTION IS REQUIRED TO BE SOUGHT BY ADVERSARY PROCEEDING) AND/OR**
    **(2) FORUM NON CONVENIENS (THERE IS A MANDATORY FORUM SELECTION CLAUSE IN THE CONTRACT, WHICH IS THE SUBJECT MATTER OF THE MOTION, REQUIRING THAT ANY CONTRACT-RELATED DISPUTES MUST BE ADJUDICATED SOLELY IN A NEW YORK COURT); AND**

**(C) IF THE COURT DOES NOT DENY SUCH MOTION ON SUCH PRE-MERITS GROUNDS, THEN THE COURT SHOULD AFFORD 30 DAYS TO PUBLIC INTEREST CAPITAL TO RESPOND TO THE ALLEGED MERITS HEREIN**

        MICHAEL B. WOLK, a New York attorney recently admitted to the Bar of the

United States District Court for the District of Colorado, hereby declares and affirms

under penalty of perjury, pursuant to 28 U.S.C. 1746, as follows:

1.       I am an attorney in good standing admitted to the Bar of the State of New York as

well as the Bars of the United States Court of Appeals for the Second Circuit and the

1

United States District Courts for the Southern and Eastern District of New York. I have also recently been admitted to the Bar of the United States District Court for the District of Colorado.

2. I respectfully submit this Declaration on behalf of Public Interest Capital, LLC ("PICAP"), a Delaware incorporated limited liability company whose principal place of business is located in New York, (a) in opposition to the relief requested in Plaintiff's motion by order to show cause (the "Motion") [Dkt. 78]; (b) to deny such Motion on the pre-merits grounds of (1) lack of jurisdiction (the relief requested in the Motion is required to be sought by adversary proceeding) and/or (2) forum non conveniens (there is a mandatory forum selection clause in the contract, which is the subject matter of the Motion, requiring that any contract-related disputes must be adjudicated solely in a New York court); and (c) if the Court does not deny such Motion on such pre-merits grounds, then the Court should afford 30 days to PICAP to respond to the alleged merits herein.

3. **First**, as set forth in Exhibit 2 to the Motion [Dkt. 78], and pursuant to a Purchase and Sale Agreement ("Contract"), PICAP, while represented by me as counsel, purchased Plaintiff's legal claims against Defendant Navient Solutions, LLC ("Navient"), while Plaintiff was represented by its predecessor litigation counsel at the time (Austin C. Smith, Esq.). Federal law authorizes the purchaser of a legal claim in a pending litigation to proceed with such litigation in the name of the original plaintiff, without formal substitution of the purchaser into the case caption. See, e.g., Rule 25 of the Federal Rules of Civil Procedure, as applied to adversary proceedings by Rule 7025 of the Federal Rules of Bankruptcy Procedure ("FRBP").

4. In the Motion, Plaintiff's new Connecticut-based counsel (Joshua Kons, Esq.)

seeks, in substance, equitable relief against PICAP in the form of a declaratory judgment and/or permanent injunction to declare the Contract to be "invalid or unenforceable." Dkt. 78. In order to avoid any doubt, PICAP vigorously denies and rejects, both factually and legally, all allegations of purported "fraud" and "wrongdoing" asserted in the Motion against PICAP and/or Plaintiff's predecessor counsel.

5. Rule 7001(2) of the FRBP requires an applicant for relief to file and proceed by adversary proceeding where, as here, a determination is sought regarding the asserted "validity" of an "interest in property." In addition, Rules 7001(7) and (10) of the FRBP require an applicant for relief to file and proceed by adversary proceeding where, as here, injunctive relief is sought and/or a declaratory judgment is sought involving the asserted "validity" of an "interest in property."

6. Plaintiff, however, through its new Connecticut counsel, has improperly proceeded by Motion in disregard of these adversary proceeding requirements under federal bankruptcy law - - improperly attempting to lessen and undermine PICAP"s due process rights.

7. Federal appellate courts, and bankruptcy courts, around the country have denied applications for relief sought by motion on jurisdictional grounds where, as here, federal bankruptcy law requires that the merits of a dispute must only be adjudicated through the filing and prosecution of an adversary proceeding that accords enhanced due process litigation protections to a defendant. See, e.g., *In re Mansaray-Ruffin*, 530 F.3d 230, 242 (3d Cir. 2008); *In re Hanson*, 397 F.3d 482, 486-87 (7th Cir. 2005); *In re Banks*, 299 F.3d 296, 302 (4th Cir. 2002); *In re Lawrence Eugene Forrester and Vicki Lowell Forester*, __ WL __, Case No. 6:10-bk-16163-WJ (Bankr. C.D.Cal. Feb. 10, 2021); In re *Smith*, 514

B.R. 331, 338-39 (Bankr. S.D.Ga. 2014); *In re Pierce*, 282 B.R. 26, 28 (Bankr. D.Ut. 2002).

8. Accordingly, pursuant to the foregoing, PICAP respectfully requests that the Court deny the Motion on the pre-merits ground that the Court lacks jurisdiction to award the requested relief, due to the absence of the required filing and prosecution of an adversary proceeding. See legal authorities cited above. And, even if PICAP had not raised this threshold jurisdictional ground, it is well-established that every federal court has the power and duty to raise and determine its own jurisdiction to proceed.[1]

9. **Second,** as set forth in Exhibit 2 to the Motion [Dkt. 78], there is a mandatory forum selection clause in the Contract, which is the subject matter of the Motion, requiring that any contract-related disputes must be adjudicated solely in a New York court. Indeed, in the last sentence in the second paragraph on the second page of the Contract, Plaintiff and PICAP agreed that "All disputes of any kind arising from, related to, or in connection with this Agreement and/or the subject matter hereof shall be governed by the laws of the State of New York, without regard to conflict of law principles, **and the state or federal courts located in the State of New York shall have exclusive jurisdiction thereof**." *Id.* [emphasis added]

10. The United States Supreme Court has ruled that where, as here, a mandatory forum selection clause points to a different state court forum, then that mandatory forum selection clause should be enforced through dismissal of the wrongly-venued case in

---

[1] In addition, once Plaintiff sold and transferred its legal claims in this case against Navient to PICAP, as documented in the Contract [see Exhibit 2 to Dkt. 78], Plaintiff legally ceased to have any ownership rights to any actual "claims" in this adversary proceeding. As such, Plaintiff does not currently have standing to sue anyone in this adversary proceeding on those previously-transferred "claims" and, thus, the absence of standing to sue constitutes an additional jurisdictional reason for why the Court should deny the Motion. See, e.g., *Lewis v. Alcabi*, 2017 N.Y. Slip Op. 30664(U) (Sup. Ct. N.Y. Co. Apr. 6, 2017).

reliance upon the pre-merits doctrine of forum non conveniens. See *Atlantic Marine Const. Co., Inc. v. United States District Court for the Western District of Texas*, 134 S.Ct. 568, 580 (2013). Also, the Supreme Court observed that routine enforcement of a mandatory forum selection clause, in the forum non conveniens context, should be just like routine enforcement of a mandatory forum selection clause in the context of a transfer to another federal district court pursuant to 28 U.S.C. 1404(a). *Id.* As the Supreme Court explained in directing routine enforcement of a mandatory forum selection clause, *Id.* at 581-83:

> "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.' [cit. om.] The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.' [cit. om.] . . . **A valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases [cit. om.]. . . When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place**. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." [emphasis added]

*11.* Significantly, Plaintiff's new Connecticut counsel, Joshua Kons, Esq., has no personal knowledge of any facts or circumstances involving the negotiation and execution of the Contract. See, e.g., the Declaration of Paige McDaniel [Dkt. 78-1] explaining that she and her predecessor counsel (Austin Smith, Esq.) were the persons involved in the negotiation and execution of the Contract - - not Mr. Kons. Indeed, Ms. McDaniel admits that she "relied exclusively on the representations by Mr. Smith **and did not speak with an independent counsel or PICAP directly**." Id., par. 5 [emphasis

added]. Moreover, unlike Mr. Kons (who has no personal knowledge of the facts but, unfortunately, engages in improper ad hominem attacks on PICAP and Mr. Smith for purported "fraud"), nowhere in Ms. McDaniel's Declaration does she accuse PICAP and Mr. Smith of any "fraud." *Id.*

12. Since Plaintiff (who professes to have personal knowledge of the facts) does not allege that PICAP engaged in any "fraud," the unsubstantiated assertions by her new Connecticut counsel Mr. Kons (who does not have personal knowledge of the facts) should be disregarded as having no probative value whatsoever.

13. In any event, it is well established that a mandatory forum selection clause will not be defeated or undermined by an allegation that the contract at issue was allegedly procured by "fraud" - - except in the highly unusual situation of detailed allegations that the forum selection clause itself was specifically procured by "fraud." Here, Ms. McDaniel's Declaration [Dkt. 78-1] does not assert that the mandatory New York forum selection clause itself was specifically procured by "fraud" - - and, in fact, no part of Ms. McDaniel's Declaration even mentions the existence of that mandatory New York forum selection clause. *Id.* And, Plaintiff's new Connecticut counsel, who lacks personal knowledge of the facts, has also not provided detailed allegations based on personal knowledge that the forum selection clause itself was specifically procured by "fraud." Thus, as a matter of law, there is no legally cognizable "fraud" that would allow the Court to depart from the routine enforcement of the mandatory New York forum selection clause in the Contract. See, e.g., the Supreme Court's decision in *Atlantic Marine, supra*; *PCL Civil Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070 (5th Cir. 2020); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir. 1992).

6

14. Accordingly, pursuant to the foregoing, PICAP respectfully requests that the Court should deny the Motion on the additional, and independent, pre-merits ground of forum non conveniens due to the mandatory New York forum selection clause. See legal authorities cited above. And, even if PICAP had not raised this threshold non-merits ground of forum non conveniences, it is well-established that every federal court has the power to *sua sponte* deny relief based upon this type of threshold non-merits ground. See, e.g., the Supreme Court's forum non conveniens decision in *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422 (2007).

15. **Third**, if the Court does not such Motion on such pre-merits grounds, then the Court should afford thirty (30) days to PICAP to respond to the alleged merits herein, based upon the reasons set forth herein.

16. As set forth in a January 7, 2022 filing and the exhibits thereto on behalf of PICAP [Dkt. 86], I was unable to address the Motion at that time because I was caring for my wife as she undergoes treatment for breast cancer, and I was not working in my New York office at that time.

17. Unfortunately, my wife's breast cancer condition has not meaningfully improved over the remainder of January 2022, and I did not work in my New York office during that time.

18. I returned to my New York office earlier today and have prepared this Declaration today to protect the rights and interests of PICAP.[2]

Dated: February 2, 2022
      New York, New York

_____
Michael B. Wolk

---

[2] Before today, I applied from my home, where I was taking care of my wife, for admission to the Bar of the United States District Court for the District of Colorado, and I have been recently admitted thereto.