UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

------------------------------------------------------------x
In re:                                        Bankruptcy Case No. 09-37480-KHT

Byron Patterson McDaniel, Jr. and             Chapter 13
Laura Paige McDaniel,
                 Debtors.
------------------------------------------------------------x
Byron Patterson McDaniel, Jr. and             Adv. Pro. No. 17-1274-KHT
Laura Paige McDaniel,
                 Plaintiff,

    -against-
Navient Solutions, LLC,
                 Defendant.
------------------------------------------------------------x

**SUPPLEMENTAL BRIEF IN SUPPORT OF THE ASSIGNABILITY OF PLAINTIFF'S CHOSES-IN-ACTION AGAINST DEFENDANT TO PUBLIC INTEREST CAPITAL LLC**

The Court is respectfully referred to the prior filing by Public Interest Capital LLC ("Picap"), Dkt. 90 ("Picap Opposition"), submitted in opposition to the relief requested on a motion by order to show cause by Plaintiff's post-assignment attorney, Dkt. 78 ("Motion"), for various legal reasons warranting the denial of the Motion. For ease of reference, all terms not defined herein shall have the same meanings given to them in the Picap Opposition.

1. As set forth in the Picap Opposition [Dkt. 90], the relief requested on the Motion should be denied based upon one or more independent legal reasons: (a) **Jurisdictional**: the Motion improperly seeks relief against Picap that is jurisdictionally required to be sought solely by means of an adversary proceeding that complies with the due process protections set forth in Article VII of the Federal Rules of Bankruptcy Procedure ("FRBP"), to wit: a dispute to determine the "validity" of an "interest in property" [FRBP

1

7001(2)] and/or a dispute seeking the issuance of injunctive relief [FRBP 7001(7)] or a declaratory judgment [FRBP 7001(10)] in connection with a determination of the "validity" of an "interest in property"[1]; *and/or* (b) **Jurisdictional**: once Plaintiff (represented by counsel) entered into the Contract with Picap (represented by counsel), pursuant to which Plaintiff assigned and transferred its lawsuit claims in this adversary proceeding against Defendant ("Choses-In-Action") to PICAP [see Exhibit 2 to Dkt. 78], Plaintiff legally ceased to have any ownership rights to such Choses-In-Action in this adversary proceeding and, therefore, Plaintiff no longer had standing to sue anyone in this adversary proceeding, and the Court, therefore, lacks jurisdiction in this adversary proceeding over the post-assignment relief sought by Plaintiff's post-assignment counsel[2] (and Plaintiff is required to commence a separate action or proceeding against Picap in order for the appropriate court to have jurisdiction to adjudicate the merits of the post-assignment dispute between Plaintiff and Picap) *and/or* (c) **Exclusive Forum Selection Clause In Plaintiff-Picap Contract Requires That All Contract-Related Disputes Shall Be Adjudicated Solely In New York Courts[3]**: The United States Supreme Court has ruled that where, as here, a mandatory forum selection clause points

---

[1] See, e.g., *In re Mansaray-Ruffin,* 530 F.3d 230, 242 (3d Cir. 2008); *In re Hanson*, 397 F.3d 482, 486-87 (7th Cir. 2005); *In re Banks*, 299 F.3d 296, 302 (4th Cir. 2002); *In re Lawrence Eugene Forrester and Vicki Lowell Forester,* __ WL __, Case No. 6:10-bk-16163-WJ (Bankr. C.D.Cal. Feb. 10, 2021); In re *Smith*, 514 B.R. 331, 338-39 (Bankr. S.D.Ga. 2014); *In re Pierce*, 282 B.R. 26, 28 (Bankr. D.Ut. 2002).

[2] It is well-established that, as a matter of law, the burden of proof is on the applicant seeking relief from a federal court to establish that the federal court has jurisdiction to award the relief requested by such applicant. In addition, since the Contract contains a New York choice of law clause [see Exhibit 2 to Dkt 78], please see *Lewis v. Alcabi*, 2017 N.Y. Slip Op. 30664(U) (Sup. Ct. N.Y. Co. Apr. 6, 2017), for a discussion of this standing to sue issue.

[3] See the last sentence in the second paragraph on the second page of the Plaintiff-Picap Contract in which those contracting parties agreed that "All disputes of any kind arising from, related to, or in connection with this Agreement and/or the subject matter hereof shall be governed by the laws of the State of New York, without regard to conflict of law principles, **and the state or federal courts located in the State of New York shall have exclusive jurisdiction thereof**." [emphasis added]. Exhibit 2 to Dkt. 78.

2

to a different state court forum, then that mandatory forum selection clause should be enforced in reliance upon the doctrine of *forum non conveniens*. See *Atlantic Marine Const. Co., Inc. v. United States District Court for the Western District of Texas*, 134 S.Ct. 568, 580 (2013). Picap's principal place of business is located in the City, County, and State of New York [Dkt. 90].[4] Moreover, it is well established that a mandatory forum selection clause will not be defeated or undermined by an allegation that the contract at issue was allegedly procured by "fraud" - - except in the highly unusual situation of detailed allegations that the forum selection clause itself was specifically procured by "fraud."[5] Thus, as a matter of law, there is no legally cognizable "fraud" that would allow the Court to depart from the enforcement of the mandatory New York forum selection clause in the Plaintiff-Picap Contract.[6]

2. On February 3, 2022, during a Court conference about the Motion, the Court directed the parties to file a supplemental brief on the merits-related issue of the assignability of Plaintiff's Choses-In-Action to Picap. The Court directed Picap to file its

---

[4] As the Supreme Court explained in directing enforcement of a forum selection clause: "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.' [cit. om.] The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.' [cit. om.]. . . **A valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases [cit. om.]. . . When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place**. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.* [emphasis added]

[5] Here, Ms. McDaniel's Declaration [Dkt. 78-1] does not assert that the mandatory New York forum selection clause itself was specifically procured by "fraud" - - and, in fact, no part of Ms. McDaniel's Declaration even mentions the existence of that mandatory New York forum selection clause. *Id.* And, Plaintiff's new Connecticut counsel, who lacks personal knowledge of the facts, has also not provided detailed allegations based on personal knowledge that the forum selection clause itself was specifically procured by "fraud."

[6] See, e.g., the Supreme Court's decision in *Atlantic Marine, supra*; *Riley v. Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953 (10th Cir. 1992); *PCL Civil Constructors, Inc. v. Arch Ins. Co*., 979 F.3d 1070 (5th Cir. 2020).

3

supplemental brief by February 24, 2022, and Plaintiff to file its supplemental brief by March 10, 2022. Defendant, however, is not entitled to file a supplemental brief because Defendant has not previously filed a written application with the Court challenging the assignability of Plaintiff's Choses-In-Action to Picap and, in any event, it is well established that Defendant, who is not a contracting party to the Plaintiff-Picap Contract, lacks standing to challenge the validity of the contractually-authorized assignment therein as between Plaintiff and Picap.[7]

3. Respectfully, Picap submits that the Court should not address the merits-related issue of the assignability of Plaintiff's Choses-In-Action to Picap because of the existence of threshold, non-merits reasons, for denial of the relief requested on the Motion - - whether for jurisdictional reasons and/or due to the existence of an exclusive forum selection clause in the Plaintiff-Picap Contract requiring that all contract-related disputes between Plaintiff and Picap shall be adjudicated solely in the New York Courts. See, e.g., the Supreme Court's forum non conveniens decision in *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422 (2007) (directing courts to dismiss cases, or to deny relief, based on threshold non-merits reasons including lack of jurisdiction and forum non conveniens).

4. Alternatively, if the Court does choose to address the merits-related issue of the assignability of Plaintiff's Choses-In-Action to Picap, then the Court should conclude that, as a matter of law, the Choses-In-Action are assignable to Picap - - in accordance

---

[7] Since the Plaintiff-Picap Contract contains a New York choice of law clause [see Exhibit 2 to Dkt 78], New York law applies in denying standing to Defendant (who is not a contracting party to the Plaintiff-Picap Contract) to challenge the validity of the contractually-authorized assignment therein as between Plaintiff and Picap. See, e.g., *FGP 1, LLC v. Dubrovsky*, 197 A.D.3d 441, 441-42 (N.Y. App.Div. 2021) (non-contracting party lacks standing under New York law to challenge the validity of an assignment between the contracting parties; *accord, Academy of Charter Schools v. Adams County School District No. 12*, 32 P.3d 456 (Colo. 2001) (same under Colorado law).

with governing appellate decisions from the Supreme Court and the Tenth Circuit.

5. In 1920, the Supreme Court ruled that, as a matter of law, choses-in-action arising under a federal statute are assignable, except to the extent that Congress has expressly directed otherwise. See *Spiller v. Atchison*, 253 U.S. 117, 133-36 (1920) (permitting assignment of federal causes of action involving reparation orders by the Interstate Commerce Commission "in the absence of any expression of a legislative intent to the contrary"). And Congress is not deemed to have "expressly directed otherwise" even where the language of the federal statute indicates that a lawsuit is to be brought in the name of a particular person (but who thereafter chooses to assign its federally-created cause of action to a third party). *Id.*

6. Indeed, as far back as 1816, the Supreme Court indicated that not only are choses-in-action assignable, but also that any collusive action berween a plaintiff-assignor of a chose-in-action and the defendant (taking place after the assignment during the lawsuit) will not be given any legal effect against the assignee of the chose-in-action. See *Welch v. Mandeville*, 14 U.S. 233, 236 (1816).

7. Moreover, in 2008, the Supreme Court reaffirmed the historical assignability and enforceability of choses-in-action involving federally-created causes of action. See *Sprint Communications Co, LP v. APCC Services*, 554 U.S. 269, 285, 128 S.Ct. 2531 (2008) (holding that a federally-created cause of action that permitted payphone operators to seek compensation from long-distance carriers for certain calls was assignable); see also, *id.*, 128 S.Ct. at 2536-38 & 2543, stating:

> "The upshot is that by the time Blackstone published volume II of his Commentaries in 1766, he could dismiss the 'ancient common law' prohibition on assigning choses in action as a 'nicety. . . now disregarded.' [cit. om.]. . . Thus, in 1816, Justice Story, writing

5

> for a unanimous [Supreme] Court, summarized the practice in American courts as follows: 'Courts of law, following in this respect the rules of equity, now take notice of assignments of choses in action, and exert themselves to afford them every support and protection.' [cit. om.] He added that courts of equity have 'disregarded the rigid strictness of the common law, and ' protected the rights of the assignee of choses in action,' and noted that courts of common law 'now consider an assignment of a chose in action as substantially valid' [cit. om.]. . .
>
> The dissent argues that our redressability analysis 'could not be more wrong,' because '[w]e have never approved federal court jurisdiction over a claim where the entire relief requested will run to a party not before the court. Never.' [cit. om.] But federal courts routinely entertain suits which will result in relief for parties that are not themselves directly bringing suit. . . [such as] assignees in bankruptcy bring suit to benefit bankrupt estates. . ."

8. Significantly, the United States Court of Appeals for the Tenth Circuit has also ruled that choses-in-action arising under a federal statute - - as well as choses-in-action arising under a contract - - are assignable and enforceable. See *U.S. Industries, Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1234-35 & n. 15 (10th Cir. 1988) ("Whether the damages are contractual in nature, or arise from a federal statute, seems to us to be immaterial. So long as the assignment does not interfere with the parties' rights to performance, the assignment should be permitted. See generally 6 Am.Jur.2d 33 (1963) ("Even though an executory contract may be nonassignable because of its personal nature, because of a provision therein for nonassignment, or for other reasons, after an event which gives rise to a liability on the contract, the reason for the rule disappears and the cause of action arising under the contract is assignable.").

9. Finally, in the Motion, the post-assignment counsel for Plaintiff does not cite any statutory authority (or case law authority) purporting to "invalidate" the assignability of Plaintiff's Choses-In-Action to Picap. And, in response to the Court's direction for

supplemental briefing, Picap has not discovered any legal authority purporting to "invalidate" the assignability of Plaintiff's Choses-In-Action to Picap.

10.     There is no federal statute purporting to "invalidate" the assignability of federally-created choses-in-action involving the dischargeability of a debt for a private student loan. And, as set forth above, the Supreme Court has long recognized and enforced the assignability of choses-in-action created under federal law (unless Congress has expressly directed otherwise, which is not the situation here). And there is no applicable state statute purporting to "invalidate" the assignability of state-created choses in action relating to the subject matter of this adversary proceeding against Defendant.

**WHEREFORE,** based upon the reasons set forth herein and/or in the Picap Opposition [Dkt. 90], Picap respectfully requests that the Court deny the relief requested in the Motion.

Dated: February 24, 2022
      New York, New York

                         Respectfully submitted,

                         Law Offices of Michael B. Wolk, P.C.

                         By: _____/s/ Michael B. Wolk_____
                              Michael B. Wolk
                         155 East 55th Street, Suite 300B
                         New York, New York 10022
                         Tel: 917-238-0576
                         Email: michael.wolk@wolkgroup.com
                         Counsel for Public Interest Capital LLC